IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. BK13-41425 |
| | ) | |
| THOMAS J. VAUGHTER and | ) | CH. 13 |
| TAMMY VAUGHTER, | ) | |
| | ) | |
| Debtors. | ) | |

## ORDER

Hearing was held in Lincoln, Nebraska, on February 26, 2014, on a motion to stay distribution of funds by the Chapter 13 trustee filed by Debtors (Fil. #40) and a response thereto filed by creditor Nebraska Department of Revenue (Fil. #42). James C. Bocott appeared for Debtors, James Woodruff appeared for the Nebraska Department of Revenue, and Marilyn Abbott appeared on behalf of the Chapter 13 trustee. This Order contains findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(A), (K), and (O).

### *Background*

This bankruptcy case was filed on July 25, 2013, and was dismissed on December 16, 2013, on the request of the trustee for Debtors' failure to appear at the meeting of creditors. Prior to dismissal, Debtors had made payments to the trustee pursuant to their proposed Chapter 13 plan, which was never confirmed. The trustee is currently in possession of funds belonging to Debtors in the amount of $3,592.32.

After dismissal, the trustee received a Notice of Levy from the Department of Revenue. The notice asserted that Debtors were indebted to the Department of Revenue in the amount $39,899.70, and that pursuant to Chapter 77, Article 39 of the Nebraska statutes, a tax lien exists in favor of the State of Nebraska for the amount due. The notice further advised the trustee that the Department of Revenue was now levying upon any money or other property in the trustee's possession belonging to Debtors. On January 9, 2014, after receipt of the notice of levy, the trustee sent a letter to counsel for Debtors advising that the trustee would honor the levy and remit the funds to the Department of Revenue unless Debtors were able to obtain a court order prohibiting the distribution by the trustee.

Accordingly, on January 21, 2014, Debtors filed a motion to stay distribution of funds. On that same date, this court granted the motion on a temporary basis to preserve the status quo until a ruling could be issued on the motion, after notice and opportunity to be heard. A hearing has now been held, the parties have argued their positions, and this matter is ripe for decision.

*Discussion*

11 U.S.C. § 1326(a)(1) and (2) provides in part:

(a)(1)   Unless the court orders otherwise, the debtor shall commence making payments not later than 30 days after the date of the filing of the plan or the order for relief, whichever is earlier, in the amount–
(A) proposed by the plan to the trustee;
. . .
(2)   A payment made under paragraph (1)(A) shall be retained by the trustee until confirmation or denial of confirmation. . . . If a plan is not confirmed, the trustee shall return any such payments not previously paid and not yet due and owing to creditors pursuant to paragraph (3) [pertaining to adequate protection payments] to the debtor, after deducting any unpaid claim allowed under section 503(b) [administrative expenses].

Debtors argue that the plain language of 11 U.S.C. § 1326(a)(2) requires the trustee to return the funds on hand to Debtors, without exception (other than the limited exceptions expressly set forth in the statute). The Department of Revenue argues that once the dismissal order was entered, the automatic stay prohibiting actions to collect a debt terminated pursuant to 11 U.S.C. § 362(c)(1) and (2). As such, the funds owed to Debtors by the trustee post-dismissal were subject to levy and garnishment.

This issue has been presented to bankruptcy courts around the country with mixed results. The basic fact pattern is always identical – a creditor attempting to levy or garnish funds in the hands of the trustee after dismissal. Judge Mixon's opinion in *In re Price*, 484 B.R. 870 (Bankr. E.D. Ark. 2013), provides a detailed discussion of the diverse views taken by bankruptcy courts on this issue. Rather than repeat the entire opinion of Judge Mixon, it is sufficient to say that courts around the country are divided on the effect of a garnishment or levy issued and served on a Chapter 13 trustee after dismissal.

Surprisingly, the only appellate decision argued by either of the parties is the Ninth Circuit case of *Beam v. Internal Revenue Serv. (In re Beam)*, 192 F.3d 941 (9th Cir. 1999). In that case, the Internal Revenue Service served a notice of levy on a trustee after dismissal of a Chapter 13 case. The Ninth Circuit held that the Internal Revenue Service's levy was proper and I believe the same should be said of the Department of Revenue's levy in the case at hand. I agree with Judge Mixon's succinct analysis in *In re Price*:

Although cases on either side of the issue offer logical and reasonable interpretations of the effect of 11 U.S.C. § 1326, the more persuasive view is that if a plan has not been confirmed and the case is dismissed, a Chapter 13 Trustee is subject to a properly issued writ of garnishment or levy by a judgment creditor or taxing entity, either state or federal. This is because the automatic stay is terminated

on dismissal and property in the hands of the trustee is no longer property of the estate.

*In re Price*, 484 B.R. at 873 (citations omitted).

The plain meaning of § 1326 is that upon dismissal, the remaining funds in the hands of the trustee are to be paid to the debtor. That makes perfect sense. The funds were deposited with the trustee by Debtors so they should be returned to the Debtors upon dismissal of the case. This is no different than any other deposit of funds by a debtor, such as a deposit into a bank account – the bank owes that money back to the depositor upon withdrawal or closing of the account. The statute requires return of the funds by the trustee to the debtor, just like a deposit agreement requires return of bank account funds to the depositor – but that does not preempt the remedies of creditors under state or federal law. Accordingly, funds deposited with the trustee, just like funds deposited with a bank, are subject to attachment, levy, or garnishment once the automatic stay has terminated.

Debtors also argue that, in essence, it would be unfair to allow all of the funds in the hands of the trustee to be subject to levy by the Department of Revenue because some of those funds were earmarked under Debtors' proposed plan for payment to Debtors' car loan creditor. That argument is not compelling. Section 1326(a) expressly authorizes the trustee to pay any required adequate protection payments to secured creditors before distributing funds back to the debtor. Therefore, Debtors could have protected the funds that were "earmarked" for the car loan by providing in their plan for adequate protection payments to be made to the car lender. Debtors did not do so.

IT IS, THEREFORE ORDERED, that the motion to stay distribution of funds by the Chapter 13 trustee (Fil. #40) is denied.

DATE: February 28, 2014.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
　　*James C. Bocott
　　James Woodruff
　　Marilyn Abbott
　　United States Trustee

Movant(*) is responsible for giving notice to other parties if required by rule or statute.